[No. 21489.   Department Two.   November 8, 1928.]

W. J. BOHON, *Appellant*, v. PUGET MILL COMPANY, *Respondent.*[1]

*Chas. W. Johnson,* for appellant.
*James Kiefer,* for respondent.

PARKER, J.—The plaintiff, Bohon, commenced this action in the superior court for King county, seeking recovery of damages from the defendant mill company, alleged as resulting from its selling to one Ward a two-acre tract of land to operate thereon, and permitting him to operate thereon, a gravel pit and concrete manufacturing plant, to the damage of a four-acre tract of land held by Bohon under a prior contract for the purchase of it from the mill company. Trial in the superior court sitting without a jury resulted in judgment denying recovery, from which Bohon has appealed to this court.

Several years ago the mill company was the owner of a large tract of logged-off land, some three miles

[1]Reported in 271 Pac. 580.

wide east and west, and nine miles long north and south, situated some twelve miles north of the city of Seattle, along both sides of the Pacific Highway. It platted this land into small tracts of from one to five acres in area, and named the whole tract Alderwood Manor. It advertised these tracts for sale in somewhat glowing terms as to their desirability for suburban homes, poultry raising, and the growing of vegetables and fruits. On August 21, 1922, Bohon entered into a contract with the mill company for the purchase of a four-acre tract, the purchase price of $1,833 to be paid in monthly installments.

Sometime thereafter, the mill company sold to Ward a two-acre tract, situated directly opposite to the Bohon tract, north across a dedicated roadway forty feet wide. There was a hill occupying a considerable portion of the Ward tract. This hill was composed largely of gravel formation, the material being suitable for concrete construction work. Ward placed on his tract a gravel excavating and concrete mixing plant, and in its operation removed a large portion of the hill, excavating on a portion of his tract to a depth of some ten feet below the natural surrounding level, thus rendering his tract unsightly. Ward also, in the operation of his plant, in addition to selling gravel for concrete construction work, there manufactured concrete burial vaults. The operation of the plant was noisy, as such plants usually are.

There is no evidence of there being embodied in the contract or deed by which Ward obtained his tract, nor in the contract by which Bohon acquired interest in his tract, nor in any contract or deed ever executed by the mill company, anything of a restrictive nature as to the use any purchaser of any of the Alderwood Manor tracts might make of the tracts. This, we understand, is conceded by counsel for Bohon. In an

advertising pamphlet issued by the mill company, the following was stated:

"Alderwood Manor comprises a tract of about 20,-000 acres of gently undulating land which has been logged off by the Puget Mill Company. This entire area is being platted into several subdivisions and set aside by the Company for the development of suburban homes and poultry farms. The soil is a shot-clay loam over a clay subsoil. It is particularly adapted to the raising of chickens and the growing of vegetables, fruits, nuts and berries."

This seems to be the statement of the mill company particularly relied upon by counsel for Bohon as supporting his claimed right to have the sale of the Ward tract by the mill company held to be a violation of his, Bohon's, rights under his purchase contract. Bohon was well acquainted with the neighborhood of the tracts here in question at the time he entered into his purchase contract.

We find no evidence in this record indicating that the mill company sold the Ward tract with the understanding or knowledge that Ward was going to maintain thereon a plant of the nature here in question, though the evidence may, in some measure, indicate that the mill company knew that Ward then contemplated the removal of a considerable quantity of gravel from the tract. Indeed, it is fairly inferable from the whole situation that the plant will not in any event be permanently operated on the Ward tract. As was well said by the trial judge in his oral observations in disposing of the case:

"There is not any evidence that this plant is going to be a permanent thing. There is evidence that it is engaged in removing a hill, ridge or hogback which will benefit that part of the area and widen and make more useful the county road."

Bohon, having paid by installments some eleven hundred dollars upon the purchase price of his contract, and then conceiving that his tract had been damaged in violation of his rights thereunder in the manner we have above noticed, commenced this action seeking recovery of damages from the mill company.

■ It seems to us, to state the facts of this case is to argue it to the conclusion that Bohon should not be awarded recovery against the mill company as claimed by him. It seems plain to us that the mill company has not been shown to have violated any of its contract obligations owing to Bohon, nor has it been guilty of any false or fraudulent representations inducing Bohon to enter into his contract of purchase of the four-acre tract.

If the maintenance of the plant by Ward can be held to be a nuisance by reason of its annoying or offensive character, he, and not the mill company, is responsible therefor; and, to the extent that it is a damage to adjoining properties, their owners have recourse to the courts directly against Ward.

The judgment is affirmed.

FULLERTON, C. J., MAIN, ASKREN, and FRENCH, JJ., concur.